## Terry Critchfield v. David H. Kline.

RECOVERY OF LAND; *Cross-Petition; Judgment, Not for Defendant.* Where the plaintiff brought his action to recover a part of a lot, and the defendant answered that the premises in controversy were covered with a building which he had purchased under a line of conveyances from the plaintiff, with the intention and understanding of all the parties to the conveyances that the premises upon which the building stood were embraced in the conveyances, and that, by a mutual mistake of the parties and contrary to their intention, another and different description was contained therein, and upon the trial the defendant admitted that at the commencement of the action the plaintiff had the legal title to the real estate described in the petition, and that the defendant was then and still is in the possession of the same, *held,* that in the absence of evidence

Critchfield v. Kline.

that the building stood or extended upon the ground in controversy, the defendant was not entitled to judgment.

*Error from Jefferson District Court.*

ACTION by *Critchfield* against *Kline*, to recover a part of lot 10, in block 7, in Oskaloosa, Jefferson county. Trial by the court at the February Term, 1883, when the court concluded and adjudged that a certain deed to defendant should be reformed, and that he have judgment for costs. Plaintiff brings the case here. The facts are sufficiently stated in the opinion.

*Keeler & Gephart*, for plaintiff in error.

*D. H. Morse*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action by the plaintiff against the defendant to recover a part of lot 10 in block 7, in Oskaloosa, Jefferson county. The defendant answered by way of a cross-petition, that the plaintiff and another formerly owned the lot, a portion of which the plaintiff sought to recover; that while they were the owners they erected thereon a business house or store twenty-two feet wide and seventy feet deep, and intended to put the building on the north twenty-two feet of the lot; that a lodge of Masons constructed a hall upon the building constituting the second story thereof; that the north twenty-two feet of the lot, except the upper story used as a Masonic hall, was afterward conveyed to the defendant by a line of conveyances starting from the plaintiff; that all the parties to those conveyances at their respective dates supposed the building stood on the north twenty-two feet of the lot, and that the description embraced in the deeds conveyed the ground upon which the building stood.

It was further stated in the cross-petition that the building of defendant stands upon a rock foundation on the ground mentioned and described in the petition; that the plaintiff, after the purchase of the premises by the defend-

ant, and just before the commencement of this action, caused a survey to be made thereof, and now claims twenty-six inches in width of the ground occupied by the building. The plaintiff in his reply admitted that himself and another were at one time the owners of lot 10 in block 7; and that while they were such owners they erected thereon the business house or store mentioned, and also admitted the execution of the conveyances set forth, but denied each and every allegation not admitted.

The issues thus formed were submitted to the court, a jury being waived. Upon the facts found by the court, it concluded as a matter of law, that the deed should be reformed so as to describe the ground upon which the building stands, and that the defendant should have judgment for costs. Proper exceptions were noted by the plaintiff to the findings of fact and the conclusions of law. Among other findings of fact, are the following:

"The building mentioned did not, at the date of the sale and conveyance to Funk, nor does it now stand, wholly upon the ground described in the conveyance referred to, but extends twenty-six inches south thereof, thus to that extent covering the ground mentioned in the petition.

"At the time of the execution of the deed to Funk, both parties to it were mutually mistaken as to the north boundary of said lot, both understanding and believing that the north line of said building and the north side of said lot were identical, when in fact the north line of said building is twenty-six inches south of the north line of said lot, and while intending to and believing he was by the deed conveying twenty-two feet occupied by the building, the plaintiff in fact conveyed twenty-six inches on the north not so occupied, and did not convey twenty-six inches on the south that were occupied by the building."

It is contended that as no evidence was offered tending to show that the building covered any part of the ground in controversy, that these findings are wholly unsupported by the evidence. The objection to these findings is well taken.

Upon the trial the defendant admitted, that at the commencement of this action, the plaintiff had and now has the

legal title to the real estate described in the petition ; that the defendant was, and still is, in the possession of said real estate ; and that lot 10 in block 7 in Oskaloosa, according to the record plat of the town, is thirty feet wide from north to south, and one hundred and fifty feet in length from east to west, and is situated in the northeast corner of said block. After these admissions, it was necessary for the defendant, in order to establish his defense, to offer evidence tending to show, among other things, that the building conveyed to him did not stand wholly upon the ground described in the conveyance referred to in his answer ; and also that it extended twenty-six inches upon the premises of the plaintiff. The only evidence which was offered, in any way attempting to prove these facts, was the following from the plaintiff, while he was upon the witness stand :

"In August, 1881, I wished to erect on the south side of said building, sold to Funk, a building eighteen feet wide from north to south, and I employed a carpenter for that purpose ; the carpenter soon afterward told me that he had measured my ground, and it lacked two feet of being eighteen feet wide ; soon afterward I employed a surveyor to ascertain, by survey and measurement, the location of the northeast corner of said lot 10. I did not give the defendant any formal notice of such survey, but he had actual knowledge of the time when it would be made."

The plaintiff had previously testified that at the time of the sale of the ground upon which the building was situated he owned all of lot 10, and also a strip ten feet wide off of the north side of the lot adjoining lot 10 on the south side. Accepting the statements of the carpenter for all they could possibly prove, the evidence at most merely showed that the plaintiff's premises were short about two feet of the amount he ought to have had ; but whether the two feet were short in lot 10 or in the strip off the north side of the adjoining south lot we are not informed. Neither the plaintiff, the carpenter, the surveyor, nor anyone else, testified that the store building extended two feet, or twenty-six inches, or any other inches, upon the ground described in the peti-

tion; and in the absence of any evidence tending to establish this fact, the findings referred to have no support.

In the case-made it appears that as originally prepared the surveyor informed the plaintiff that the northeast corner of lot 10 was twenty-six inches north of the northeast corner of the building of the defendant. If this evidence had been before the trial court it would have clearly sustained the findings, and it would have been competent therefor, because the defendant was entitled to prove the conversations between the plaintiff and other parties concerning the boundaries of the premises in dispute, and the location of the building as to such boundaries; but as all of this part of the record was erased and stricken out before the case-made was settled and signed for this court, we have no right to consider it; hence we must assume that no such evidence was received.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.