TERRY CRITCHFIELD v. DAVID H. KLINE.

EQUITY—*Mistake—Reformation of Deed.* In the sale and conveyance of
a strip of land 22 feet wide and 150 feet long, the deed of conveyance,
through a mistake of boundary-lines, was so executed as to omit a
strip 26 inches wide, of such land on one side, and to include a strip
26 inches wide, of other land on the other side. *Held,* That a court
of equity, at the instance of the grantee, may adjudge the deed to be
so reformed as to make it include just the land intended to be conveyed.

*Error from Jefferson District Court.*

THIS was an action in the nature of ejectment, brought by
*Terry Critchfield* against *David H. Kline,* to recover certain
real estate hereafter described. The defendant's amended answer contained a general denial, and also new matter by way
of cross-petition, and a prayer for judgment for a conveyance

46— 39 KAS.

Critchfield v. Kline.

of the property in controversy by the plaintiff to the defendant. The plaintiff replied, denying the allegations in the defendant's answer. Upon these pleadings the case was tried by the court without a jury, at the February term, 1886, and upon such trial the following agreed statement of facts was introduced in evidence as the testimony of both parties:

"1. On the 13th day of July, 1875, plaintiff owned lot 10, and the north ten feet of lot 9, in block 7, of the city of Oskaloosa, in the county of Jefferson and state of Kansas.

"2. This ground was in the northeast corner of said block, and was 40 feet wide from north to south and 150 feet long from east to west.

"3. Plaintiff had erected on this ground a wooden building 22 feet wide and 80 feet long. The front, or east 40 feet of this building, was two stories high, and the rest of it was one story high. The upper story has ever since been used by the Masonic lodge as a lodge-room. The entire lower story was built, and has ever since been used, for a grocery and dry-goods store.

"4. Plaintiff intended to have said building cover the east 80 feet of the north 22 feet of said ground, and until a few months prior to the commencement of this action, plaintiff, and all other persons who have ever owned or claimed any part of said ground, supposed and believed that said building covered the said east 80 feet of the north 22 feet.

"5. By mistake and being misled by erroneous surveys and measurements, the plaintiff placed said building 26 inches further south than he intended, as aforesaid, by reason of which it lacks 26 inches of extending to the north line of said block, and it covers the east 80 feet of the ground described in the plaintiff's petition.

"6. At the date aforesaid, plaintiff sold and conveyed to one Charles A. Funk the said north 22 feet of said ground, and by a regular chain of conveyances the same has been conveyed from said Funk and his successors to defendant.

"7. At the time of each of said conveyances, all parties thereto believed that said building stood entirely on the ground so conveyed."

The defendant then introduced the plaintiff as a witness, who testified as follows:

"*Ques.:* What is your name? *Ans.:* Terry Critchfield.

"Q. Are you the plaintiff in this action? A. I am.

"Q. In 1875, did you make to Charles A. Funk the deed alleged in the defendant's answer in this case? A. I did.

"Q. Did you sell to Mr. Funk the store building mentioned in defendant's answer in this case? A. I did.

"Q. When you made that deed did you intend to convey to Mr. Funk the ground upon which that store building stood? A. I did, but I then supposed the store building stood on the north twenty-two feet of the lot mentioned in the deed."

This was all the evidence in the case, and upon this evidence the court found as follows:

"And the court, after hearing the evidence introduced, and the argument of counsel thereon, and being well advised in the premises, finds for the defendant, that the allegations in defendant's amended answer and cross-petition are true, to wit: There was a mutual mistake in the execution of the deed by said plaintiff Terry Critchfield and wife to Chas. A. Funk, which deed is mentioned and described in defendant's cross-petition, and in the deeds subsequent, as mentioned and described in said defendant's cross-petition, and that said deed should be reformed so as to convey instead of the north twenty-two feet of lot ten, in block seven, in the city of Oskaloosa, Jefferson county, Kansas, the twenty-two feet in width of said lot ten, in said block seven, covered by the building as storehouse standing on said twenty-two feet at the time of the execution of said deed to said Funk, and still so standing on the same, and extending west of the whole length of said lot; or, in other words, said deed should have conveyed, and was intended to convey, the following-described piece of ground: Commencing at a point twenty-six inches south of the northeast corner of said lot ten, in said block seven; running thence south twenty-two feet; thence west one hundred and fifty feet to the alley; thence north twenty-two feet; thence east to the beginning."

Judgment was rendered in accordance with these findings, and to reverse this judgment the plaintiff brings the case to this court.

*Johnson, Martin & Keeler,* for plaintiff in error.

*Morse & Morse,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case has once before been in this court. (*Critchfield v. Kline*, 30 Kas. 537.) When it was here before, the judgment of the court below — which was in favor of the defendant and against the plaintiff — was reversed, and the cause remanded for the reason that there was no evidence to prove that the building stood upon any portion of the ground in controversy, as was alleged in the defendant's answer. At the present time there is no such lack of evidence, nor lack of any evidence to prove the allegations of the defendant's answer, and therefore if the judgment of the court below is to be reversed again, it must be reversed for some other reason than a lack of evidence. It is now clearly and conclusively shown that it was the intention of Critchfield and Funk, Kline's predecessor, that Critchfield should convey to Funk a rectangular piece of ground 22 feet wide north and south, and 150 feet long east and west, out of or from lot No. 10, block 7, in the city of Oskaloosa; and it was also intended that the east 80 feet of this piece of ground should be a certain strip of ground 22 feet wide north and south, and 80 feet long east and west, covered by the building then on the lot, and that the remainder of the land conveyed should be a strip of ground 22 feet wide north and south, and 70 feet long east and west, immediately west of the building. At the time when the deed from Critchfield to Funk was executed, Critchfield had the unquestionable right to sell and convey to any person all this land; but when he executed the deed of conveyance to Funk, he failed to make it cover this precise piece of land. The deed purported to convey the north 22 feet of the lot, which left a narrow strip of land 26 inches in width north and south, and 150 feet long east and west, off from the south side of the land intended to be conveyed, which narrow strip was not conveyed; and this narrow strip is the land now in controversy. The court below rendered judgment so as to give this strip of land to Kline, the successor in interest of Funk, and gave to Critchfield a strip of land 26

inches wide along the entire north side of the lot, which last-mentioned strip the deed purported to convey to Funk.  We cannot say that this decision of the court below is erroneous. It gave to Kline the exact piece of land that was intended to be sold and conveyed by Critchfield to Funk.  The only mistake of the parties at the time of the conveyance was that they believed that the north boundary-line of Critchfield's land, and of lot No. 10, was 26 inches further south than it actually was.  They were not mistaken as to where the building stood, or as to the amount of land which Critchfield owned, or as to the land which was intended to be conveyed, or as to the amount of land which Critchfield had the right to convey, or as to *the shape* of the piece of land which was intended to be conveyed.  As before stated, the only mistake was with reference to the exact location of the north boundary-line of Critchfield's land.  We think that Funk and his grantees, including the defendant in this action, have a right to the land awarded to the defendant by the court below.  We do not understand that there is any objection to the form of the judgment rendered in this case.  Indeed, if the judgment were simply a judgment against the plaintiff for costs, it would have the same effect as the present judgment, except that by such judgment the plaintiff would not get the 26 inches of land on the north side of lot No. 10, which he now gets by the present judgment.  The defendant is not complaining of this judgment.

The judgment of the court below will be affirmed.

All the Justices concurring.